UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 16-cv-_____

**ABC MOTOR PUBLISHING, INC.,**
         **Plaintiff**
   -v-

**MICHAEL ZACCARO,**            **JURY DEMANDED**
         **Defendant.**
_____/

## COMPLAINT

### The Parties

1. Plaintiff **ABC MOTOR PUBLISHING, INC.** ("ABC"), is a Florida corporation, with a principal place of business at 630 Ocean Drive, Juno Beach, FL 33408.

2. Defendant, **MICHAEL ZACCARO** ("ZACCARO") is, upon information and belief, is a citizen of the State of California, residing in Los Angeles, California.

### JURISDICTIONAL STATEMENT

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1338(a), (b); 17 U.S.C. §§ 101, et seq. including §§ 501 - 509; 15 U.S.C. §1114, 1116 - 1118, 1121, and 1125(a); and the Court's pendent jurisdictions.

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) in that the Plaintiff does business in this district.

## Allegations Relevant To All Claims

*Introduction*

5.     ABC is owned by Adrian Saker. Saker has transferred all rights related to this action to ABC.

6.      Saker conceived of the idea of a magazine, both in print and online, regarding Harley Davidson motorcycles. Saker conceived of and used the trademarks "1903" and "1903 MAGAZINE" (the "Trademarks").   Saker adopted and continually used the Trademarks.

7.     Saker shared his ideas with Defendant Zaccaro, and engaged him in a potential joint venture to develop these business ideas.

8.     Saker and Zaccaro subsequently worked together to develop these ideas and business project.

9.     Saker provided all of the working capital and most of the business and creative ideas regarding this project during this period. Saker further provided the legal right to use his Trademarks.

10.     After months of work and the production of material for the project, all of which was created or paid for by Saker, Zaccaro decided to end the venture.

11.     Zaccaro unlawfully converted the creative material created and developed by ABC and converted the creative material paid for by Saker.

12.     Zaccaro also has engaged in continual infringement of ABC's intellectual property rights, specifically, infringement of the Trademarks.

13.     In this action Plaintiff ABC seeks to enforce its intellectual property and trademark rights. It further seeks to secure its other civil remedies, including that of

wrongful conversion, tortious interference with business relationships, abuse of process, treble damages, and reasonable attorney's fees, to recompense the irreparable damage Defendant Zaccaro has caused to its trademark and intellectual property rights and to prevent further attempts by Defendant Zaccaro to destroy Plaintiff ABC and all that ABC has worked for with regard to the Trademarks and the intellectual property he has created.

## COUNT I
### (*Federal Trademark Infringement*)

14. This is a count for trademark infringement and arises under the trademark laws of the United States (i.e., the Lanham Act) 15 U.S.C. §§ 1125, 1116, 1117, and 1121.

15. Plaintiff repeats and realleges the allegations of ¶¶ 1 through 13 as if set forth herein.

16. Defendants' willful infringing use of Plaintiff ABC's Trademarks

   a) is likely to and has caused confusion as to the source of the good and services provided by Plaintiff ABC, namely to identify the print and online magazine "1903 Magazine";

   b) is intended to and does trade on Plaintiff ABC's reputation and goodwill derived from ABC's exclusive use of it's Trademarks;

   c) deprives Plaintiff ABC of control of its reputation and its goodwill in the Trademarks.

17. The use by Defendant Zaccaro of Plaintiff ABC's Trademarks, as set forth herein, was and is intended to, did, and does, among customers, the public, and members of the relevant trade:

   a) cause likelihood of confusion or misunderstanding as to the

sponsorship or approval by Plaintiff ABC of the goods and services of Defendant Zaccaro;

        b)    cause likelihood of confusion or misunderstanding as to Defendant Zaccaro's affiliation, connection, or association with Plaintiff ABC; and

        c)    represents that Plaintiff ABC's services were the services of Defendant Zaccaro or vice versa when they are not.

18. Defendant Zaccaro's foregoing actions have been knowing, deliberate, willful, and in disregard of Plaintiff ABC's rights.

19. Plaintiff ABC is damaged by the complained of conduct of Defendant Zaccaro in an amount to be determined.

20. Plaintiff has no adequate remedy at law.

21. Plaintiff is entitled to an award of actual damages, exemplary damages and attorneys' fees for these willful acts.

22. The said conduct of Defendant Zaccaro has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff ABC in its business reputation and good will, in an amount not presently known but believed to be in excess of One Million ($1,000,000.00) Dollars.

## COUNT II
### (*Trademark Counterfeiting Under The Lanham Act 15 U.S.C. § 1114(1)(b)*)

23. This count arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq., and, specifically, under §§ 1114(1), 1116, 1118, and 1125(a) and is to remedy acts of counterfeiting.

24. Plaintiff repeats and realleges each and every allegation of ¶¶ 1 through 22 as

though fully set forth herein.

25. Defendant's intentional use in commerce of the Trademarks is likely to, and was intended to, cause confusion or to cause mistake, or to deceive as to the affiliation, connection, sponsorship or association of such products and constitutes trademark counterfeiting under 15 U.S.C. §1114(1)(b).

26. Defendants, in the course of their activities, have intended by the aforesaid acts to:

    a) cause likelihood of confusion or misunderstanding among purchasers, prospective purchasers, and members of the relevant trade and public as to the sponsorship or approval by Plaintiff of the work and goods of Defendant;

    b) cause likelihood of confusion or misunderstanding among purchasers, prospective purchasers, and members of the relevant trade and public as to Defendant's affiliation, connection, or association with Plaintiff;

    c) represent to purchasers, prospective purchasers, and members of the relevant trade and public that Plaintiff's goods are the goods of Defendant or vice versa; and

    d) create a likelihood of confusion or misunderstanding among purchasers, prospective purchasers, and members of the relevant trade and public as to the source of origin of Plaintiff's products and Defendant's products.

27. Defendant has damaged Plaintiff in a sum not presently known but reasonably believed in excess of One Million Dollars ($1,000,000.00).

28. Plaintiff is entitled to an award of three (3) times Defendant's profits or Plaintiff's damages (whichever is greater), statutory damages for Defendant's willful

trademark counterfeiting, and attorney's fees.

## COUNT III

### (*False Designation of Origin and*
### *False Description and Representations in Commerce*)

29. This action arises under the trademark laws of the United States, 15 U.S.C. §1051 et seq., and, specifically, under 15 U.S.C. §1125(a) and is to remedy false designations of origin and false description and representations in commerce.

30. Plaintiff repeats and realleges the allegations set forth in ¶¶ 1 through 28 as if fully set forth herein.

31. Defendant's substantially identical copying of Plaintiff's Trademarks is likely to cause and has caused confusion and mistake and to deceive customers, both among the general public and the relevant trade, as to the source or origin of said goods and services.

32. Defendant's use of Plaintiff's Trademarks is calculated to deceive and is likely to deceive the trade and public into believing that Defendant's goods and services, offered, provided and sold under said marks, are identical to the goods and services bearing the Trademarks and are, in fact, the services and goods provided and sold by Plaintiff ABC, or that Plaintiff ABC, in some manner, sponsors or licenses Defendant's goods and services, or that there exists some other relationship between Plaintiff ABC and Defendants where none in fact exists. The actions and/or appearances by Defendant's constitute willful infringement of Plaintiff ABC's common law and federally registered trademark rights and is unfair competition of Plaintiff ABC and its ABC Marks.

33. Plaintiff has no adequate remedy at law and has suffered irreparable harm and damage as a result of Defendants aforesaid wrongful acts, and is suffering monetary damages in

an amount not thus far determined. The aforesaid acts by Defendant are likely to cause damage to Plaintiff in excess of One Million ($1,000.000.00) Dollars.

## COUNT IV
### (*Fraud*)

34. This Count is for fraud. Jurisdiction is conferred on this Court by Fed. R. Civ. P. §9(b) and is substantially related to the claim arising out of trademark laws of the United States as set forth in Count I.

35. Plaintiff repeats and realleges the allegations set forth in ¶¶ 1 through 33 as if fully set forth herein.

36. On June 20, 2016, Defendant caused to be filed an application for trademark registration with the United States Patent and Trademark Office for the Trademarks, specifically for the Mark "1903."

37. Defendant falsely represented that he was the owner of the Mark "1903" and falsely claimed first use on July 31, 2015.

38. Said representations were false when made and were known to Defendant to be false when made because Defendant was well aware that it was Plaintiff and not Defendant who is the owner of the Mark "1903."

39. Said representations were made with the intention of depriving Plaintiff ABC its proper ownership rights in the Mark "1903."

40. By reason of the foregoing facts, Plaintiff has been damaged in excess of the sum of One Million ($1,000,000.00) Dollars.

## COUNT V
### (*Common Law Unfair Competition, Palming Off*)

41. This Count is for common law unfair competition and, more particularly, for palming off. Jurisdiction is conferred on this Court by 28 U.S.C. §1338(b) in that this is a Count for unfair competition which is joined to a substantially related claim arising out of trademark laws of the United States as set forth in Count I.

42. Plaintiff repeats and realleges the allegations set forth in ¶¶ 1 through 40 as if fully set forth herein.

43. Defendant's substantial imitation and copying of Plaintiff's Trademarks is, upon information and belief, willful and intended to palm off its services as those of Plaintiff.

44. Defendant, without the consent of Plaintiff, have used the Plaintiff's Trademarks which are identical to Plaintiff's Trademark and have used the same in the offering of the identical goods and services offered by Plaintiff and such is likely to cause dilution, confusion, mistakes, or deceive as to the source or origin of such services.

## COUNT VI
### (*Tortious Interference with Prospective Business Relationships*)

45. This is a claim for relief from Defendant's tortious interference with business relationships and arises from those acts alleged in support of Counts I through VIII.

46. Plaintiff repeats and realleges the allegations of ¶¶1 through 44 as if set forth herein.

47. At all times herein relevant, Defendant has been aware or reasonably should have been aware that Plaintiff owns the Trademarks used by Plaintiff in connection with an online and print magazine regarding Harley Davidson motorcycles.

48. At all times herein relevant, the Defendant has been aware or reasonably should have been aware that upon termination of their business relationship. Plaintiff would continue to develop his own creative ideas using the Trademark Plaintiff owned to publish an online and print magazine regarding Harley Davidson motorcycles.

49. Plaintiff has been thwarted in this project by Defendant's unlawful and blatant interference with Plaintiff's prospective business relationships.

50. Plaintiff has been injured in its prospective business dealings as a direct and proximate result of the aforesaid unlawful activities by Defendant an amount not presently known but believed to be in excess of One Million Dollars ($1,000,000.00) Dollars.

51. Plaintiff has no adequate remedy at law.

52. The said conduct of Defendant has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its business reputation and good will.

53. Plaintiff is entitled to exemplary damages in an amount in excess of One Million ($1,000,000.00) Dollars and the award of attorneys' fees.

### COUNT VII
(*Common Law Conversion*)

54. This is a claim for relief from conversion by Defendant Zaccaro of Plaintiff ABC's creative work, including work for which ABC paid in excess of $50,0000 and arises from those acts alleged in support of Counts I through VI.

55. Plaintiff repeats and realleges the allegations of ¶¶ 1 through 53 as if set forth herein.

56. Defendant Zaccaro, during the joint venture between Zaccaro and Saker, who transferred his ownership interest to Plaintiff ABC, maintained access to ABC's

intellectual property.

57. Defendant Zaccaro converted Plaintiff's intellectual property for his own use.

58. The Plaintiff has been damaged in an amount not yet determined amount but believed to be in excess of One Hundred Thousand Dollars ($100,000.00.)

WHEREFORE, Plaintiff prays that:

1. That Defendant, his agents, employees, and attorneys and all other persons or entities within their respective control or supervision, and all other persons or entities acting in concert or participation with them, be temporarily and permanently enjoined from offering, providing and selling goods and services under the Trademarks or any other mark confusingly similar to the Trademarks;

2. That Defendant, his agents and employees, and all other persons or entities within his respective control or supervision, and all other persons or entities acting in concert or participation with them, be enjoined during the pendency of this action and permanently from unfairly competing with Plaintiff in any manner;

3. That Defendant, his agents and employees, and all other persons or entities within their respective control or supervision, and all other persons or entities acting in concert or participation with him, provide Plaintiff with a full accounting of all infringements made by Defendant;

4. That Defendant be required to account and pay over to Plaintiff all gains, profits, and advantages derived from their use of the Trademarks;

5. That Defendant be required to pay to Plaintiff, in addition, the damages

Plaintiff has sustained by reason of said infringements.

6. That Defendant provide an accounting to Plaintiff for all the profits derived by Defendant and for damages sustained by Plaintiff by reason of the wrongful acts complained of herein.

7. That Defendant be required to expressly abandon its applications for trademark registration of the Trademarks

8. That the Court enter judgment for Plaintiff and said judgment, because of the fraud and willful nature of the trademark infringement by Defendants after notice, be trebled and include, as well, reasonable attorney's fees.

9. That Defendant be ordered to deliver up for destruction all materials in his possession or under his control bearing the Trademarks.

10. That the Court enter judgment for Plaintiff in an amount sufficient to compensate Plaintiff for the losses it has suffered, as set forth in each of the causes of action contained herein;

11. That Plaintiff be awarded exemplary damages as sought in the causes of action contained herein;

12. That Plaintiff be awarded pre-judgment interest and post-judgment interest;

13. That Plaintiff be awarded attorney's fees and all other expenses and costs of this litigation;

14. That Plaintiff be awarded three (3) times Defendant's profits or Plaintiff's damages (whichever is greater), statutory damages for Defendant's willful trademark counterfeiting, and attorney's fees, and such other and further relief that this Court may deem

appropriate.

DATED: December 8, 2016

                                                Law Office of Aileen Gelpi, Esq.
                                                515 N Flagler Drive, Suite P-300
                                                West Palm Beach, FL 33401
                                                Tel.: (561) 370-7338
                                                Fax: (561) 658-0451
                                                Email address: aileen@agelpilaw.com

                                                By: <u>/s/ Aileen Gelpi</u>
                                                      Aileen Gelpi
                                                       Fla. Bar No. 61665